IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YORLANDY CHARON DESPAIGNE,

Petitioner,

v. Case No. 26-3302-JWL

Warden, Chase County Jail;
Field Office Director, ICE;
Director, ICE; and
Attorney General of the United States,

Respondents.

# MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **September 28, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.[1]

Petitioner alleges – and respondents do not dispute – that he is a native of Cuba who was paroled into the United States in May 2024; that he has resided in the United States

[1] The Court **grants** petitioner's motion to proceed in this matter without payment of the filing fee (Doc. # 6).

since that time; that on April 23, 2026, immigration officials detained petitioner; and that he is presently in custody in this judicial district. On August 17, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner challenges his detention under 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner.[2]

In cases involving the same issue, this Court has rejected the Government's interpretation of that statute in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*,

[2] In light of the Court's conclusion that petitioner is entitled to bond consideration under the statutes, it need not address petitioner's claim that his detention without a bond hearing violates due process.

2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States and has pursued an application for asylum. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in the cited cases, and they therefore acknowledge that the reasoning of those cases would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinion in *Galdamez Orellana*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's request that it impose a particular burden of proof at a bond hearing. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. §

1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **September 28, 2026**.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **September 28, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without payment of the filing fee (Doc. # 6) is hereby **granted**.

IT IS SO ORDERED.

Dated this 15th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[3] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.